# EXHIBIT B



**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA 94025-1015

+1 650 614 7400

**orrick.com**

January 10, 2024

**Jared Bobrow**

**E** jbobrow@orrick.com
**D** +1 650 614 7405
**F** +1 650 614 7401

*Sent via E-mail*

Dorian S. Berger
Daniel P. Hipskind
Erin E. McCracken
BERGER & HIPSKIND LLP
9538 Brighton Way, Ste. 320
Beverly Hills, CA 90210
dsb@bergerhipskind.com
dph@bergerhipskind.com
eem@bergerhipskind.com

Stephen B. Brauerman
Ronald P. Golden III
BAYARD, P.A.
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington, Delaware 19801
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

Re:   *OptiMorphix, Inc. v. Oracle Corporation*; Civil Action No. 23-01249-MN (D. Del.)

Dear Counsel:

We represent Oracle Corporation ("Oracle") in the above-referenced proceeding.  We have reviewed Google's January 8, 2024 Motion to Dismiss for Failure to State a Claim in *OptiMorphix, Inc. v. Google LLC*, C.A. No. 23-1065 (MN) (D. Del.) (Google's "Motion").  Seven of the eight patents that OptiMorphix asserts against Oracle are also asserted against Google and are addressed in that Motion: U.S. Patent Nos. 7,099,273 ("'273 patent"); 7,444,418 ("'418 patent"); 7,031,314 ("'314 patent"); 7,586,871 ("'871 patent"); 9,191,664 ("'664 patent"); 8,429,169 ("'169 patent"); and 9,167,021 ("'021 patent").  With respect to each of these patents, Google argues that OptiMorphix does not even attempt to map the accused products in that case to the asserted claims, instead relying on, *inter alia*, "conclusory statements," "parroting (or rephrasing) the claim language," and "conduct that contradicts OptiMorphix's infringement theory."  *See, e.g.*, Motion at 1-2.

The allegations in OptiMorphix's complaint against Oracle with respect to these seven patents as well as U.S. Patent No. 8,521,901 ("'901 patent") suffer from the same defects, failing to plausibly allege infringement.  For example, OptiMorphix's complaint fails to plausibly allege that the accused products include at least the following critical claim elements: the "transmit timer" limitations of the '273 patent; the



January 10, 2024
Page 2

"available transmission rate" limitations of the '418 patent; the "service module" or "service application" and "predetermined service criteria" limitations of the '314 patent; the "return" communication limitations of the '871 patent; the "encoding" data limitations of the '664 patent; the use of a "portion" of content to generate a cache index of the '169 patent; the "boundary" limitations of the '021 patent; and the "delay" limitations of the '901 patent.  Just as Google argues in its case, OptiMorphix's allegations in its complaint against Oracle are conclusory and implausible.

Having reviewed Google's Motion, we write to see if there is a way to streamline issues in the *Oracle* case before burdening the Court with similar motion practice here.  As you can likely anticipate from this letter, Oracle intends to file a motion to dismiss by its January 18, 2024, deadline to respond to the complaint.  Before doing so, please let us know if OptiMorphix would be willing to amend its complaint to address the deficiencies outlined above and/or to withdraw any of its claims asserted against Oracle in an effort to focus OptiMorphix's allegations and to narrow the issues before the Court.  If so, we would be open to discussing a timeline for OptiMorphix to do so.  We are available to meet and confer regarding these issues this week if that would be helpful.

I look forward to receiving your response.

Very truly yours,

*/s/ Jared Bobrow*

Jared Bobrow



cc: John W. Shaw (jshaw@shawkeller.com)