# EXHIBIT C

PATENT  
Attorney Docket No. 09266.0038-00000  
Reference No.: CTX-841US

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | ) |
| Frederick KOOPMANS et al. | ) Group Art Unit: 2157 |
| Application No.: 13/194,837 | ) Examiner: LIANG, Vei Chung |
| Filed: July 29, 2011 | ) |
| For: SYSTEMS AND METHODS FOR VIDEO CACHE INDEXING | ) Confirmation No.: 1705 |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Commissioner:

## REPLY TO OFFICE ACTION

In reply to the Office Action mailed June 5, 2012, the period for response having been extended to November 5, 2012, by a request for extension of two months and fee payment filed concurrently herewith, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims in this paper.

**Amendments to the Drawings** are included in the attached replacement drawing sheet. The amendments are discussed in this paper.

**Remarks/Arguments** follow the amendment sections of this paper.

**Attachments** to this amendment include a replacement drawing sheet containing amended Fig. 1 and Fig. 2.

Application No.: 13/194,837<br>
Attorney Docket No.: 09266.0038-00000<br>
Reference No.: CTX-841US

## AMENDMENTS TO THE CLAIMS:

This listing of claims will replace all prior versions and listings of claims in the application:

1. (Currently Amended)  A method for indexing content in a cache data structure within a content cache, the method comprising:

    receiving a content request from a user Internet-connected device;

    requesting, from a web server, a portion of content associated with the received content request;

    identifying at least one characterization data for content associated with the received content request, wherein the at least one characterization data comprises the portion of content associated with the received content request; and

    generating an index corresponding to content associated with the received content request by inputting the at least one identified characterization data into a hash function, wherein the generated index is used for identifying, in [[a]]the cache data structure, an entry associated with the content.

2. (Original)  The method of claim 1, wherein identifying at least one characterization data includes parsing a domain name from a Uniform Resource Locator (URL) associated with the received content request, wherein the domain name comprises a first part and

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

a second part, wherein the first part comprises the top-level domain or country code within the URL and the second part comprises a portion of the URL that precedes the first part.

3.      (Original)  The method of claim 1, wherein identifying at least one characterization data includes parsing an IP address from a Uniform Resource Locator (URL) associated with the received content request.

4.      (Original)  The method of claim 3, wherein parsing an IP address from the URL associated with the received content request excludes the parsed IP address from the at least one characterization data if the parsed IP address is contained in a collection of IP addresses to exclude from the at least one characterization data.

5.      (Original)  The method of claim 1, wherein identifying at least one characterization data includes a length determination for the content associated with the received content request.

6.      (Original)  The method of claim 1, wherein identifying at least one characterization data includes parsing one or more parameters from a URL associated with the received content request.

7.      (Original)  The method of claim 1, wherein at least one metadata value associated with the requested portion of content associated with the content request received from the user

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

Internet-connected device is set to a predetermined value prior to inputting the portion of content associated with the received content request into the hash function.

8. (Currently Amended) A <u>non-transitory</u> computer-readable storage medium on which is stored a set of instructions, which when executed, provides a method comprising:

receiving a content request from a user Internet-connected device;

requesting, from a web server, a portion of content associated with the received content request;

identifying at least one characterization data for content associated with the received content request, wherein the at least one characterization data comprises the portion of content associated with the received content request; and

generating an index corresponding to content associated with the received content request by inputting the at least one identified characterization data into a hash function, wherein the generated index is used for identifying, in a cache data structure, an entry associated with the content.

9. (Currently Amended) The <u>non-transitory</u> computer-readable medium of claim 8, wherein identifying at least one characterization data includes parsing a domain name from a Uniform Resource Locator (URL) associated with the received content request, wherein the domain name comprises a first part and a second part, wherein the first part comprises the top-level domain or country code within the URL and the second part comprises a portion of the URL that precedes the first part.

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

10.  (Currently Amended)  The <u>non-transitory</u> computer-readable medium of claim 8, wherein identifying at least one characterization data includes parsing an IP address from a Uniform Resource Locator (URL) associated with the received content request.

11.  (Currently Amended)  The <u>non-transitory</u> computer-readable medium of claim 10, wherein parsing an IP address from the URL associated with the received content request excludes the parsed IP address from the at least one characterization if the parsed IP address is contained in a collection of IP addresses to exclude from the at least one characterization data.

12.  (Currently Amended)  The <u>non-transitory</u> computer-readable medium of claim 8, wherein identifying at least one characterization data includes a length determination for the content associated with the received content request.

13.  (Currently Amended)  The <u>non-transitory</u> computer-readable medium of claim 8, wherein identifying at least one characterization data includes parsing one or more parameters from a URL associated with the received content request.

14.  (Currently Amended)  The <u>non-transitory</u> computer-readable medium of claim 8, wherein at least one metadata value associated with the requested portion of content associated with the received content request is set to a predetermined value prior to inputting the portion of content associated with the received content request into the hash function.

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

15. (Original) A system for indexing content, the system comprising:

a processor; and

a memory, wherein the memory is encoded with instructions that, when executed, perform steps comprising:

receiving a content request from a user Internet-connected device;

requesting, from a web server, a portion of content associated with the received content request;

identifying at least one characterization data for content associated with the received content request, wherein the at least one characterization data comprises the portion of content associated with the received content request; and

generating an index corresponding to content associated with the received content request by inputting the at least one identified characterization data into a hash function, wherein the generated index is used for identifying, in a cache data structure, an entry associated with the content.

16. (Original) The system of claim 15, wherein identifying at least one characterization data includes parsing a domain name from a Uniform Resource Locator (URL) associated with the received content request, wherein the domain name comprises a first part and a second part, wherein the first part comprises the top-level domain or country code within the URL and the second part comprises a portion of the URL that precedes the first part.

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

17. (Original) The system of claim 15, wherein identifying at least one characterization data includes parsing an IP address from a Uniform Resource Locator (URL) associated with the received content request.

18. (Original) The system of claim 17, wherein parsing an IP address from the URL associated with the received content request excludes the parsed IP address from the at least one characterization if the parsed IP address is contained in a collection of IP addresses to exclude from the at least one characterization data.

19. (Original) The system of claim 15, wherein identifying at least one characterization data includes a length determination for the content associated with the received content request.

20. (Original) The system of claim 15, wherein identifying at least one characterization data includes parsing one or more parameters from a URL associated with the received content request.

21. (Original) The system of claim 15, wherein at least one metadata value associated with the requested portion of the content associated with the received content request is set to a predetermined value prior to inputting the portion of content associated with the received content request into the hash function.

Application No.: 13/194,837<br>
Attorney Docket No.: 09266.0038-00000<br>
Reference No.: CTX-841US

22.    (New)  The method of claim 1, further comprising requesting, from the web server, content associated with the received content request, if the cache data structure does not contain an entry associated with the content.

23.    (New)  The method of claim 1, wherein the portion has a predetermined length.

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

**AMENDMENTS TO THE DRAWINGS:**

    Please amend Fig. 1 and Fig. 2 in accordance with the attached replacement drawings sheet.

Application No.: 13/194,837<br>
Attorney Docket No.: 09266.0038-00000<br>
Reference No.: CTX-841US

## REMARKS

In the Office Action dated June 5, 2012, the United States Patent and Trademark Office ("the Office"):

(a) objected to drawings Fig. 1 and Fig. 2 because features 112 (Fig. 1) and 210 (Fig. 2) are unlabled geometries;

(b) rejected claims 8-14 under 35 U.S.C. § 101 as allegedly being directed to nonstatutory subject matter;

(c) rejected claims 1, 2, 8, 9, 15, and 16 under 35 U.S.C. § 102(b) as allegedly being anticipated by U.S. Patent Publication No. 2007/0204057 *("Shaver")*;

(d) rejected claims 3, 4, 10, 11, 17 and 18 under 35 U.S.C. § 103(a) as allegedly being unpatentable over *Shaver* in view of U.S. Patent Publication No. 2002/0178169 *("Nair")*; and

(e) rejected claims 5-7, 12-14, and 19-21 under 35 U.S.C. § 103(a) as allegedly being unpatentable over *Shaver* in view of U.S. Patent Publication No. 2005/0165828 *("Lango")*.

With this response, Applicants have amended claims 1 and 8-14, and added new claims 22 and 23. These amendments add no new matter and are fully supported by the specification. Applicants respectively traverse the aforementioned objection and rejections and request reconsideration based on the following remarks. In addition, Applicants do not necessarily agree with or acquiesce in the Office's characterization of claims or the prior art, even if those characterizations are not addressed herein.

### Objections to the Drawings

The Office objected to drawings Fig. 1 and Fig. 2 because features 112 (Fig. 1) and 210 (Fig. 2) are unlabled geometries. In order to facilitate prosecution, and without acquiescing to the

Application No.: 13/194,837<br>
Attorney Docket No.: 09266.0038-00000<br>
Reference No.: CTX-841US

objection, Applicants submit replacement drawings with amended Fig. 1 and Fig. 2, in which features 112 and 210 have been labeled. Accordingly, Applicants respectfully request the withdrawal of the objection to the drawings.

### Claim Rejections under 35 U.S.C. 101

The Office rejected claims 8-14 under 35 U.S.C. § 101 as allegedly being directed to nonstatutory subject matter. While respectfully disagreeing with this assertion, in order to advance prosecution, Applicants have amended claims 8-14 to clarify the claims, as indicated herein. These amendments are consistent with the Office's suggestion. Accordingly, Applicants respectfully request withdrawal of this rejection.

### Claim Rejections under 35 U.S.C. 102

The Office rejected claims 1, 2, 8, 9, 15, and 16 under 35 U.S.C. § 102(b) as being anticipated by *Shaver*. Applicants respectfully traverse the rejection and request reconsideration.

To properly reject a claim based on anticipation, the Office must establish that a single prior art reference discloses, either expressly or inherently, "each and every element as set forth in the claim." MPEP § 2131. Accordingly, for *Shaver* to be a proper reference, it must disclose

> receiving <u>a content request</u> from a user Internet-connected device;
>
> requesting, from a web server, <u>a portion of content associated with the received content request</u>;
>
> identifying at least one characterization data for content associated with the received content request, wherein the at least one characterization data comprises <u>the portion of content associated with the received content request</u>. (Emphases added)

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

Applicants respectfully submit, however, that *Shaver* fails to disclose at least these claimed features for the following reasons.

First, *Shaver* fails to disclose "receiving <u>a content request</u> [and] requesting, from a web server, <u>a portion of content associated with the received content request</u>." In particular, *Shaver* describes "an intelligent delivery system (IDS) [that] provides a client with intelligent downloading of content from a content source." *Shaver*, paragraph [0079]. *Shaver's* IDS provides users with the option of requesting a unit of download, which can be (1) an entire file or (2) a portion of the entire file. *Id.*, paragraph [0101]. The Office focuses on this latter option. Office Action at page 5.

In response to receiving this download order for a portion of the source content, *Shaver's* download manager "initiates and executes a download of the source content 290 <u>identified or referred to by the download order</u>." *Id.*, paragraphs [0114], [0115] (emphases added). That is, the download manager retrieves the very content that was requested. If the download manager receives a request for a portion of file, it requests *that entire portion* of the file. But *Shaver* does not request *a portion* of that entire portion of the file. Because Shaver does not request a portion of that entire portion of the file, *Shaver* cannot disclose "receiving a content request [and] requesting, from a web server, a portion of content associated with the received content request," as recited in claim 1.

And second, because *Shaver* does not request from content source 290A-B (the alleged web server) a portion of the entire portion of the file, *Shaver* also fails to disclose "identifying at least one characterization data for content associated with the received content request, wherein the at least one characterization data comprises <u>the portion of content associated with the</u>

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

received content request," (emphasis added). In particular, *Shaver* only discloses determining and providing "a hash code for the unit of download . . . ." *Id.*, paragraph [0134]. In fact, *Shaver* fails to contemplate identifying characterization data comprising *the portion of content associated* with the requested unit of download (the alleged received content request) because it is only concerned with the *entire* unit of download—not a portion thereof. Thus, *Shaver* fails to disclose this disputed limitation as well.

For at least the above reasons, *Shaver* fails to disclose each and every feature recited in independent claim 1, and therefore independent claim 1 is patentable over *Shaver*. Independent claims 8 and 15, although different in scope, recite elements similar to those recited in independent claim 1, and are therefore allowable under similar reasoning as claim 1. Claims 2, 9, and 16 depend from claims 1, 8, and 15, respectively, and are allowable for at least the same reasons as the claims from which they depend. Accordingly, Applicants respectfully submit that claims 1, 2, 8, 9, 15, and 16 are allowable and requests reconsideration and withdrawal of the rejection of the claims under 35 U.S.C. § 102.

### Claim Rejections under 35 U.S.C. 103

Rejection of claims 3, 4, 10, 11, 17, and 18

The Office rejected claims 3, 4, 10, 11, 17, and 18 under 35 U.S.C. § 103(a) as being unpatentable over *Shaver* in view of *Nair*. Applicants respectfully traverse the rejection.

Each of the claims 3, 4, 10, 11, 17, and 18 depends from one of the independent claims 1, 8, or 15, and are patentable over *Shaver* for at least the same reasons as the claims from which they depend. *Nair* fails to cure the deficiencies of *Shaver* with respect to the independent claims.

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

*Nair* discloses an "efficient and adaptive system and method for filtering web accesses in [a] web access log analysis." *Nair*, Abstract. But *Nair* fails to teach or suggest "requesting, from a web server, a portion of content associated with the received content request; identifying at least one characterization data for content associated with the received content request, wherein the at least one characterization data comprises <u>the portion of content associated with the received content request,</u>," as recited in the independent claim 1 (and similarly recited in independent claims 8 and 15). Nor has the Office alleged that *Nair* discloses or suggests this claimed subject matter. Consequently, *Shaver* in view of *Nair* fails to render independent claims 1, 8, and 15 obvious.

Moreover, claims 3, 4, 10, 11, 17, and 18 are patentable over *Shaver* in view of *Nair* for additional reasons. For example, *Shaver* in view of *Nair* fails to disclose or suggest "parsing an IP address from a Uniform Resource Locator (URL) associated with the received content request," as recited in claim 3. The Office acknowledged that *Shaver* fails to disclose the above feature (Office Action, page 7) but asserts that *Nair* cures that deficiency. Office Action, page 8 (*citing Nair*, paragraph [0006]). Applicants respectfully disagree.

*Nair* describes a web site analysis that may "generate reports with information on visitors and their behavior with respect to a web site." *Nair*, paragraph [0006]. Specifically, the visitor can be identified by the "IP address or domain name of a client machine." *Id.*

First, *Nair* fails to teach or suggest "parsing an IP address from a Uniform Resource Locator (URL)," as recited in claim 3. *Nair* only discloses identifying the client's IP address or

-14-

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

domain name, but it mentions neither a URL nor the act of "parsing an IP address" from that URL.[1]

Second, Applicants submit that the Office has not articulated a sufficient reason why a person skilled in the art would combine *Shaver*, which is directed to "client-side technology for intelligent and cost-effective delivery of video, audio and broadband content . . . to desktop, mobile computing, and network connected devices" (*Shaver*, Abstract) with *Nair*, which is directed to "filtering web accesses in a web access log analysis" (*Nair*, Abstract). The reason offered by the Office—"would provide advantages such as means for effectively identify[ing] the visitor"—would not apply to *Shaver* because *Shaver* discloses a client-side downloading system, in which the "visitor" does not need to be identified, as it is the client device itself. Therefore, claim 3 is patentable over *Shaver* in view of *Nair*.

Claims 10 and 17, although different in scope, recite elements similar to those recited in claim 3, and are therefore allowable for at least the same reasons as claim 3. Claims 4, 11, and 18 depend from claims 3, 10, and 17, respectively, and are allowable for at least the same reasons as the claims from which they depend.

Rejection of claims 5-7, 12-14, and 19-21

The Office rejected claims 5-7, 12-14, and 19-21 under 35 U.S.C. § 103(a) as being unpatentable over *Shaver* in view of *Lango*. Applicants respectfully traverse the rejection.

---

[1] A URL is a "compact string representation for a resource available via the Internet," which "comprises multiple parts, such as the scheme (e.g., http, ftp, etc.), a host, a port, and a url-path the specific resource, such as a file." RFC 1730, Uniform Resource Locators (URL), Abstract, pages 3-5, http://www.ietf.org/rfc/rfc1738.txt.

Application No.: 13/194,837<br>
Attorney Docket No.: 09266.0038-00000<br>
Reference No.: CTX-841US

Each of claims 5-7, 12-14, and 19-21 depends from one of the independent claims 1, 8, or 15, and are patentable over *Shaver* for at least the same reasons as the claims from which they depend. *Lango* fails to cure the deficiencies of *Shaver* with respect to the independent claims. Nor has the Office alleged that *Lango* discloses or suggests this claimed subject matter from the independent claims. Consequently, *Shaver* and *Lango*, separately or in combination, fail to render independent claims 1, 8, and 15 obvious.

## New Claims

New claims 22 and 23 depend from claim 1 and are patentable for at least the same reasons as claim 1.

Application No.: 13/194,837
Attorney Docket No.: 09266.0038-00000
Reference No.: CTX-841US

## CONCLUSION

In view of the foregoing amendments and remarks, Applicants respectfully request reconsideration and reexamination of this application and the timely allowance of the pending claims.

Please grant any extensions of time required to enter this response and charge any additional required fees to Deposit Account 06-0916.

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

Dated: November 1, 2012        By: _____
                                Aaron J. Capron
                                Reg. No. 56,170
                                (650) 849-6600

**Attachments: Replacement Drawings Sheet**

-17-