# EXHIBIT D

PATENT
Attorney Docket No.: 09266.0041-00000

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: ) | |
| ) | |
| Kannan PARTHASARATHY et al. ) | Group Art Unit: 2449 |
| ) | |
| Application No.: 13/436,671 ) | Examiner: GARCIA-CHING, Karina J. |
| ) | |
| Filed: March 30, 2012 ) | |
| ) | |
| For: **MEASURING WEB BROWSING** ) | Confirmation No.: 1542 |
| **QUALITY OF EXPERIENCE IN** ) | |
| **REAL-TIME AT AN** ) | |
| **INTERMEDIATE NETWORK** ) | |
| **NODE** ) | |

Commissioner for Patents        **VIA EFS-WEB**
P.O. Box 1450
Alexandria, VA 22313-1450

Commissioner:

### AMENDMENT

In reply to the Final Office Action mailed September 23, 2014, Applicants submit the

Amendment concurrently with a Request for Continued Examination. This submission fulfills

the requirement for a submission under 37 C.F.R. § 1.114.

Please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims beginning on page 2 of

this paper.

**Remarks/Arguments** follow the amendment sections of this paper.

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

**AMENDMENTS TO THE CLAIMS:**

This listing of claims will replace all prior versions and listings of claims in the application:

1.    (Currently Amended) A method comprising:

acquiring a current Hypertext Transfer Protocol (HTTP) transaction;

determining whether the current HTTP transaction relates to web browsing ~~for a specific client~~;

acquiring a previous transactions set of [[the]]a specific client;

evaluating whether the current HTTP transaction belongs with the previous transactions set;

if the current HTTP transaction belongs with the previous transactions set, adding the current HTTP transaction to the previous transactions set; and

if the current HTTP transaction does not belong with the previous transactions set, creating a boundary of a page unit that includes the HTTP transactions of the previous transactions set for computing a page unit time.

2.    (Original) The method of claim 1, wherein the page unit time is used for acquiring an expected quality of experience score.

3.    (Currently Amended) The method of claim 1, wherein the determining whether the current HTTP transaction relates to web browsing ~~for the specific client~~ comprises:

determining whether a user agent of the current HTTP transaction matches with an entry in a predefined user agent set; and

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

accepting the current HTTP transaction if the user agent of the current HTTP transaction matches with an entry in a predefined user agent set.

4.    (Currently Amended) The method of claim 1, wherein the determining whether the current HTTP transaction relates to web browsing ~~for the specific client~~ comprises:

determining whether a response code is in a predefined response code set, wherein the response code is acquired based on the current HTTP transaction; and

accepting the current HTTP transaction if the response code is determined to be within the predefined response code set.

5.    (Currently Amended) The method of claim 1, wherein the determining whether the current HTTP transaction relates to web browsing ~~for the specific client~~ comprises:

determining whether a content type is within a predefined content type set, wherein the content type is acquired based on the current HTTP transaction; and

accepting the current HTTP transaction if the content type is within a predefined content type set.

6.    (Original) The method of claim 1, wherein the evaluating whether the current HTTP transaction belongs with the previous transactions set comprises:

computing a time gap between the current HTTP transaction and the previous transactions set;

determining whether the time gap satisfies a predefined timing threshold condition; and

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

associating the current HTTP transaction with the previous transactions set if the time gap satisfied the predefined timing threshold condition.

7.      (Original) The method of claim 1, wherein the creating a boundary of a page unit further comprises determining whether the previous transactions set is the page unit.

8.      (Previously Presented) The method of claim 7, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether the previous transactions set includes at least one HyperText Markup Language (HTML) object; and

accepting the previous transactions set as a page unit based at least in part on the previous transaction set including at least one HTML object.

9.      (Previously Presented) The method of claim 7, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether size of a largest HyperText Markup Language (HTML) object included in the previous transactions set satisfies a size threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the size of the largest HTML object satisfying a size threshold condition.

10.      (Original) The method of claim 7, wherein determining whether the previous transaction set is a page unit further comprises:

determining whether a number of images included in the previous transactions set

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

satisfies an image threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the number of images satisfying the image threshold condition.

11.    (Original) The method of claim 7, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether a total number of objects included in the previous transactions set satisfies a number of object threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the total number of objects satisfying the number of object threshold condition.

12.    (Original) The method of claim 7, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether a total download time satisfies a download time threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the total download time satisfying the download time threshold condition.

13.    (Original) The method of claim 1, further comprising:

acquiring a first average page unit time based on predetermined page unit times of more than one client for a fixed number of objects, wherein the first average page unit time is stored in a database;

acquiring a second average page unit time based on predetermined page unit times of

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

more than one client for the same number of objects included within the HTTP transactions of the previous transactions set, wherein the second average page unit time is stored in the database; and

computing a normalized page unit time based on the page unit time, the first average page unit time and the second average page unit time.

14.   (Original) The method of claim 13, wherein the acquiring the first average page unit time and the acquiring the second average page unit time are based on a sliding time window.

15.   (Currently Amended) A non-transitory computer readable storage medium storing instruction that, when executed by a computer, cause the computer to perform a method for processing Hypertext Transfer Protocol (HTTP) data, the method comprising:

acquiring a current HTTP transaction;

determining whether the current HTTP transaction relates to web browsing ~~for a specific client~~;

acquiring a previous transactions set of [[the]]a specific client;

evaluating whether the current HTTP transaction belongs with the previous transactions set;

if the current HTTP transaction belongs with the previous transactions set, adding the current HTTP transaction to the previous transactions set; and

if the current HTTP transaction does not belong with the previous transactions set, creating a boundary of a page unit that includes the HTTP transactions of the previous

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

transactions set for computing a page unit time.

16.    (Original) The computer readable storage medium of claim 15, wherein the page unit time is used for acquiring an expected quality of experience score.

17.    (Currently Amended) The computer readable storage medium of claim 15, wherein the determining whether the current HTTP transaction relates to web browsing ~~for the specific client~~ comprises:

determining whether a user agent of the current HTTP transaction matches with an entry in a predefined user agent set; and

accepting the current HTTP transaction if the user agent of the current HTTP transaction matches with an entry in a predefined user agent set.

18.    (Currently Amended) The computer readable storage medium of claim 15, wherein the determining whether the current HTTP transaction relates to web browsing ~~for the specific client~~ comprises:

determining whether a response code is in a predefined response code set, wherein the response code is acquired based on the current HTTP transaction; and

accepting the current HTTP transaction if the response code is determined to be within the predefined response code set.

19.    (Currently Amended) The computer readable storage medium of claim 15, wherein the determining whether the current HTTP transaction relates to web browsing ~~for the~~

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

~~specific client~~ comprises:

determining whether a content type is within a predefined content type set, wherein the content type is acquired based on the current HTTP transaction; and

accepting the current HTTP transaction if the content type is within a predefined content type set.

20.    (Original) The computer readable storage medium of claim 15, wherein the evaluating whether the current HTTP transaction belongs with the previous transactions set comprises:

computing a time gap between the current HTTP transaction and the previous transactions set;

determining whether the time gap satisfies a predefined timing threshold condition; and

associating the current HTTP transaction with the previous transactions set if the time gap satisfied the predefined timing threshold condition.

21.    (Original) The computer readable storage medium of claim 15, wherein the creating a boundary of a page unit further comprises determining whether the previous transactions set is the page unit.

22.    (Previously Presented) The computer readable storage medium of claim 21, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether the previous transactions set includes at least one HyperText Markup Language (HTML) object; and

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

accepting the previous transactions set as a page unit based at least in part on the previous transactions set including at least one HTML object.

23.    (Previously Presented) The computer readable storage medium of claim 21, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether size of a largest HyperText Markup Language (HTML) object included in the previous transactions set satisfies a size threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the size of the largest HTML object satisfying a size threshold condition.

24.    (Original) The computer readable storage medium of claim 21, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether a number of images included in the previous transactions set satisfies an image threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the number of images satisfying the image threshold condition.

25.    (Previously Presented) The computer readable storage medium of claim 21, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether a total number of objects included in the previous transactions set satisfies a number of object threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the total number of objects satisfying the number of object threshold condition.

26.     (Original) The computer readable storage medium of claim 21, wherein determining whether the previous transactions set is a page unit further comprises:

determining whether a total download time satisfies a download time threshold condition; and

accepting the previous transactions set as a page unit based at least in part on the total download time satisfying the download time threshold condition.

27.     (Original) The computer readable storage medium of claim 15, further comprising:

acquiring a first average page unit time based on predetermined page unit times of more than one client for a fixed number of objects, wherein the first average page unit time is stored in a database;

acquiring a second average page unit time based on predetermined page unit times of more than one client for the same number of objects included within the HTTP transactions of the previous transactions set, wherein the second average page unit time is stored in the database; and

computing a normalized page unit time based on the page unit time, the first average page unit time and the second average page unit time.

28.     (Original) The computer readable storage medium of claim 27, wherein the acquiring the first average page unit time and the acquiring the second average page unit time are based on a sliding time window.

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

29.    (Currently Amended) An apparatus for page unit detection comprising:

a packet processor configured to acquire a current Hypertext Transfer Protocol (HTTP) transaction;

a transaction filter configured to determine whether the current HTTP transaction relates to web browsing for a specific client;

a page unit detector configured to

acquire a previous transactions set of [[the]]a specific client,

evaluate whether the current HTTP transaction belongs with the previous transactions set,

if the current HTTP transaction belongs with the previous transactions set, add the current HTTP transaction to the previous transactions set; and

if the current HTTP transaction does not belong with the previous transactions set, create a boundary of a page unit that includes the HTTP transactions of the previous transactions set for computing a page unit time.

30.    (Original) The apparatus of claim 29, wherein the page unit time is used for acquiring an expected quality of experience score.

31.    (Currently Amended) The apparatus of claim 29, wherein the transaction filter is configured to determine whether the current HTTP transaction relates to web browsing for the specific client by determining whether a user agent of the current HTTP transaction matches with an entry in a predefined user agent set, and accepting the current HTTP transaction if the user agent of the current HTTP transaction matches with an entry in a

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

predefined user agent set.

32.    (Currently Amended) The apparatus of claim 29, wherein the transaction filter is configured to determine whether the current HTTP transaction relates to web browsing ~~for the specific client~~ by determining whether a response code is in a predefined response code set, wherein the response code is acquired based on the current HTTP transaction, and accepting the current HTTP transaction if the response code is determined to be within the predefined response code set.

33.    (Currently Amended) The apparatus of claim 29, wherein the transaction filter is configured to determine whether the current HTTP transaction relates to web browsing ~~for the specific client~~ by determining whether a content type is within a predefined content type set, wherein the content type is acquired based on the current HTTP transaction, and accepting the current HTTP transaction if the content type is within a predefined content type set.

34.    (Original) The apparatus of claim 29, wherein the page unit detector is configured to evaluate whether the current HTTP transaction belongs with the previous transactions set by computing a time gap between the current HTTP transaction and the previous transactions set, determining whether the time gap satisfies a predefined timing threshold condition, and associating the current HTTP transaction with the previous transactions set if the time gap satisfied the predefined timing threshold condition.

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

35.    (Original) The apparatus of claim 29, wherein the page unit detector is configured to create a boundary of a page unit by determining whether the previous transactions set is the page unit.

36.    (Previously Presented) The apparatus of claim 35, wherein the page unit detector is configured to determine whether the previous transactions set is a page unit by determining whether the previous transactions set includes at least one HyperText Markup Language (HTML) object, and accepting the previous transactions set as a page unit based at least in part on the previous transaction set including at least one HTML object.

37.    (Previously Presented) The apparatus of claim 35, wherein the page unit detector is configured to determine whether the previous transactions set is a page unit by determining whether size of a largest HyperText Markup Language (HTML) object included in the previous transactions set satisfies a size threshold condition, and accepting the previous transactions set as a page unit based at least in part on the size of the largest HTML object satisfying a size threshold condition.

38.    (Original) The apparatus of claim 35, wherein the page unit detector is configured to determine whether the previous transactions set is a page unit by determining whether a number of images included in the previous transactions set satisfies an image threshold condition, and accepting the previous transactions set as a page unit based at least in part on the number of images satisfying the image threshold condition.

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

39.    (Original) The apparatus of claim 35, wherein the page unit detector is configured to determine whether the previous transactions set is a page unit by determining whether a total number of objects included in the previous transactions set satisfies a number of object threshold condition, and accepting the previous transactions set as a page unit based at least in part on the total number of objects satisfying the number of object threshold condition.

40.    (Original) The apparatus of claim 35, wherein the page unit detector is configured to determine whether the previous transactions set is a page unit by determining whether a total download time satisfies a download time threshold condition, and accepting the previous transactions set as a page unit based at least in part on the total download time satisfying the download time threshold condition.

41.    (Original) The apparatus of claim 29, wherein the page unit detector is further configured to acquire a first average page unit time based on predetermined page unit times of more than one client for a fixed number of objects, wherein the first average page unit time is stored in a database, acquire a second average page unit time based on predetermined page unit times of more than one client for the same number of objects included within the HTTP transactions of the previous transactions set, wherein the second average page unit time is stored in the database, and compute a normalized page unit time based on the page unit time, the first average page unit time and the second average page unit time.

42.    (Original) The apparatus of claim 41, wherein the page unit detector is further configured to acquire the first average page unit time and acquire the second average page

Application No.:  13/436,671
Attorney Docket No.:  09266.0041-00000

unit time based on a sliding time window.


43.    (Currently Amended) An apparatus for page unit detection, comprising:

one or more computer-readable storage media configured to store instructions; and

one or more processors configured to execute the instructions to cause the apparatus to:

acquire a current Hypertext Transfer Protocol (HTTP) transaction;

determine whether the current HTTP transaction relates to web browsing for a specific client;

acquire a previous transactions set of [[the]]a specific client;

evaluate whether the current HTTP transaction belongs with the previous transactions set;

if the current HTTP transaction belongs with the previous transactions set, add the current HTTP transaction to the previous transactions set; and

if the current HTTP transaction does not belong with the previous transactions set, create a boundary of a page unit that includes the HTTP transactions of the previous transactions set for computing a page unit time.

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

## REMARKS

In the Final Office Action dated September 23, 2014 ("the Final Office Action"), the

Office:

a)    rejected claims 29-42 under pre-AIA 35 U.S.C. § 112, second paragraph, as allegedly being indefinite;

b)    rejected claims 1-8, 10-12, 15-22, 24-26, 29-36, 38-40, and 43 under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over U.S. Patent Publication No. 2002/0065911 ("*von Klopp*") in view of U.S. Patent Publication No. 2013/0219048 ("*Arvidsson*");

c)    rejected claims 9, 23, and 37 under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over *von Klopp* in view of *Arvidsson*, and further in view of U.S. Patent Publication No. 2009/0088188 ("*Wormald*");

d)    rejected claims 13, 27, and 41 under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over *von Klopp* in view of *Arvidsson*, and further in view of U.S. Patent Publication No. 2012/0246310 ("*Broda*"); and

e)    rejected claims 14, 28, and 42 under pre-AIA 35 U.S.C. § 103(a) as allegedly being unpatentable over *von Klopp* in view of *Arvidsson*, and further in view of *Broda* and U.S. Patent Publication No. 2012/0191841 ("*Swamidas*").


With this Response, Applicants amend claims 1, 3-4, 15, 17-19, 29, 31-33, and 43. Upon

entry of this Response, claims 1-43 remain pending. These amendments add no new matter and

are fully supported by the Specification.  To the extent the Office deems these amendments to be

broadening, Applicants invite the Office to revisit the prior art, if necessary.

Moreover, as Applicants' remarks with respect to the Office's holdings are sufficient to

overcome these rejections, Applicants' silence as to the Office's allegations directed to the

claims and cited art is not acquiescence by Applicants that such allegations are accurate or

correct, and Applicants reserve the right to analyze and dispute such allegations in the future.

-16-

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

**Examiner Interview**

Applicants thank the Examiner for the interview conducted on December 4, 2014, in which the 35 U.S.C. § 112, second paragraph, rejection and the 35 U.S.C. § 103(a) rejections were discussed.

**Rejection of Claims 29-42 Under 35 U.S.C. § 112, Second Paragraph**

Applicants respectfully traverse the rejection of claims 29-42 under 35 U.S.C. § 112, second paragraph for allegedly being indefinite. In the previous response, Applicants explained that (1) the Office has not met its burden in showing that the claimed "page unit detector" is a term that invokes 35 U.S.C. § 112, sixth paragraph; and (2) even if the claimed element "a page unit detector" allegedly invokes 35 U.S.C. 112, sixth paragraph, which Applicants do not concede, Applicants' Specification paragraphs [020], [041], [067] and Figures 1-3 of this Application provide sufficient description to support the claim element. *See* Reply to Office Action at 19-20.

In the Final Office Action, the Office maintained 35 U.S.C. § 112, second paragraph rejection, alleging that the word "unit" in the claimed "page unit detector" is a generic placeholder. *See* Final Office Action at 24. The Office's allegation, however, falls short to meet its burden in showing that the claimed "page unit detector" is a term that invokes 35 U.S.C. § 112, sixth paragraph.

First, the Office's allegation did not even show the claimed "page unit detector" uses the term "means," "step," or a generic placeholder. Specifically, the Office asserted that "the following is a list of non-structural generic placeholder that may invoke . . . 35 U.S.C. § 112, paragraph 6: 'mechanism for," "module for," "device for," "unit for," "component for," "element

for," "member for," "apparatus for," "machine for," or "system for." Final Office Action at 24-25. But the Office fails to explain as to why the claimed term "page unit <u>detector</u> configured to," which does not recite any of the above alleged generic placeholders, is nevertheless a generic placeholder.

Second, the Office unduly emphasized on the word "unit" and failed to provide a demonstration sufficient to rebut the strong presumption that 35 U.S.C. § 112, ¶ 6 does not apply when the claim term does not use the work "means." In the recent Federal Circuit opinion *Williamson v. Citrix Online, LLC*, No. 13-1130 (Fed. Cir. Nov. 5, 2014), the Federal Circuit held that the district court placed <u>undue emphasis</u> on "module" separate and apart from the surrounding expression "distributed learning control module" and failed to give proper weight to the rest of the claim language and the text of the specification. *Williamson v. Citrix Online, LLC*, No. 13-1130, at 14. The Federal Circuit noted that a claim term's failure to use the word "means" creates a strong rebuttable presumption that 35 U.S.C. § 112, ¶ 6, does not apply and that it has seldom found this presumption overcome. *Id.*, at 14. To rebut the presumption, "it must be demonstrated that 'skilled artisans, after reading the patent, would conclude that [the] claim limitation is so devoid of structure that the drafter constructively engaged in means-plus-function claiming.'" *Id.* at 13 (alteration in original) (quoting *Inventio AG v. ThyssenKrupp Elevator Ams. Corp.*, 649 F.3d 1350, 1357 (Fed. Cir. 2011)). "In making this assessment, it is important to consider the claimed expression as a whole conveys, and not merely any single word, as well as its surrounding textual context." *Id.* at 13. In *Williamson*, the Federal Circuit found that "[t]he district court, in characterizing the word 'module' as a mere nonce word, failed to appreciate that the word 'module' has understood dictionary meanings as connoting either hardware or software structure to those skilled in the computer arts." *Id.* The Federal Circuit

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

held that the district court erroneously construed the term "distributed learning control module" as a means-plus-function expression. *Id.*, at 3.

Here, by alleging that the claim term uses the word "unit," the Office unduly emphasized on a single word. But the Office failed to demonstrate that skilled artisans, after considering the claimed expression as a whole as well as Applicants' specification, would conclude that the claim limitation "page unit detector configured to" is so devoid of structure that the drafter constructively engaged in means-plus-function claiming.

Moreover, to the extent that "page unit detector" is deemed to be a means-plus-function limitation, the Office has failed to provide adequate analysis as to why Applicants' specification does not provide sufficient support. Specifically, in the Final Office Action, the Office merely asserted a conclusory statement that "the specification does not show how this unit is implemented in terms of hardware and detailed algorithm." *See* Final Office Action at 3. But the Office did not provide any analysis as required by the M.P.E.P. *See* M.P.E.P. 2181 (I)(C). As submitted in the previous response, Applicants' Specification paragraphs [020], [041], [067] and Figures 1-3 of this Application do provide sufficient support. *See* Reply to Office Action at 19-20.

Accordingly, the rejection of claim 29 under 35 U.S.C. § 112, second paragraph, should be withdrawn. Claims 30-42 depend from independent claim 29, and therefore should also allowable at least due to their dependence. Applicants respectfully request that the Office withdraw the rejections of claims 29-42 under 35 U.S.C. § 112, second paragraph.

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

## Claim Rejections Under 35 U.S.C. § 103(a)

A.    Claims 1-8, 10-12, 15-22, 24-26, 29-36, 38-40, and 43

Applicants respectfully traverse the rejection of claims 1-8, 10-12, 15-22, 24-26, 29-36,

38-40, and 43 under 35 U.S.C. § 103(a) as allegedly being unpatentable over *von Klopp* in view

of *Arvidsson*. In particular, for the following reasons, *von Klopp* or *Arvidsson*, either alone or

combined, fails to disclose at least the following features of amended claim 1:

> determining whether the current HTTP transaction relates to web browsing;
> evaluating whether the current HTTP transaction belongs with the previous
> transactions set;
> . . .
> if the current HTTP transaction does not belong with the previous transactions set,
> creating a boundary of a page unit that includes the HTTP transactions of the
> previous transactions set for computing a page unit time.

First, *von Klopp* fails to disclose "determining whether the current HTTP transaction

relates to web browsing," as recited in amended claim 1. In the previous response, Applicants

articulated that *von Klopp* fails to disclose the "determining" feature of claim 1, because *von*

*Klopp*'s replay request, characterized by the Office as the claimed "current HTTP transaction," is

merely used to retrieve a record of prior HTTP transaction for reconstruction, without

determining the nature of the HTTP transaction associated with the replay request. *See* Reply to

Office Action at 22.

As a preliminary matter, in the Final Office Action, the Office is inconsistent in

characterizing what constitutes the claimed "current HTTP transaction". For example, in

rejecting the "determining" feature, the Office characterized *von Klopp*'s "HTTP transaction

processed on the server," which is currently being obtained, as the claimed "current HTTP

transaction". *See* Final Office Action, at 25-26. But in rejecting the "evaluating whether the

current HTTP transaction belongs with the previous transactions set" feature, the Office

characterized *von Klopp*'s "requests" for executing an HTTP transaction as the claimed "current HTTP transaction". See Final Office Action, at 26.

Regardless of the Office's characterization, in *von Klopp*, neither the "HTTP transaction processed on the server" nor the HTTP "request" constitute the claimed "current HTTP transaction." In particular, *von Klopp* is directed to monitoring data flow in a web application, storing the HTTP transaction processed on the server, and re-executing a previously stored HTTP transaction based on an HTTP request. *See von Klopp*, Abstract. Specifically, *von Klopp* discloses that the HTTP transactions are processed on a server and stored. *von Klopp*, ¶ [0051]. Therefore, upon receiving a replay request, *von Klopp*'s system obtains a previously stored HTTP transaction, not a "current HTTP transaction," as recited in claim 1. Moreover, *von Klopp*'s "request" also cannot be the claimed "current HTTP transaction," because it is simply a request for the server to execute an HTTP transaction. *See, e.g., von Klopp*, ¶¶ [0050]-[0054].

During the Interview, the Office alleged, inconsistent with the above two characterizations, that the transaction caused by the replay request in *von Klopp* may constitute the claimed "current HTTP transaction." But as explained above, the replay request merely causes a previously stored HTTP transaction to be re-executed. *See von Klopp*, ¶ [0067]. But *von Klopp* does not disclose that its system can determine whether that transaction caused by the replay request "relates to web browsing," as recited in amended claim 1.

Second, *von Klopp* also fails to disclose "evaluating whether the current HTTP transaction belongs with the previous transactions set," as recited in claim 1. In the previous response, Applicants explained that because the replay request is sent by a user to "replay a transaction" (*von Klopp*, ¶ [0062]), which guarantees the replay request belongs to a prior

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

transaction, *von Klopp* does not disclose or suggest the "evaluating" feature. *See* Reply to Office Action at 22.

In response, the Office alleged that "[t]he replay request indicates that a prior HTTP transaction should be re-executed. This indicates that the requests that are being determining (current HTTP transaction) are either replay requests or not. This states that the system will determine if the requests (current HTTP transactions) are replay requests (previous transaction set) or not." Final Office Action at 26.

The Office is reminded that "impermissible hindsight must be avoided and the legal conclusion must be reached on the <u>basis of the facts gleaned from the prior art</u>." M.P.E.P. § 2142 (emphases added). In making the above allegation, the Office characterized the "requests" and the "replay requests" as the claimed "current HTTP transaction" and "previous transaction set," respectively. But *von Klopp* clearly distinguishes between a "request" and an "HTTP transaction." For example, *von Klopp* discloses detecting whether such a request is a <u>replay request</u>, which is a special <u>type</u> of HTTP request for re-executing a prior <u>HTTP transaction</u>. *See von Klopp*, ¶ [0067]. In other words, *von Klopp*'s system merely detects the <u>type</u> of the request, but does not "evaluat[e] whether the current HTTP transaction belongs with the <u>previous transactions set</u>," as recited in claim 1. Accordingly, the Office's assertion is not based on the facts disclosed in the cited art, but based on impermissible hindsight.

For at least the foregoing reasons, *von Klopp* fails to disclose "determining whether the current HTTP transaction relates to web browsing . . . [and] evaluating whether the current HTTP transaction belongs with the previous transactions set," as recited in amended claim 1, and claim 1 should therefore be allowable over *von Klopp*.

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

Third, *Arvidsson* fails to cure the above deficiencies of *von Klopp*. Moreover, *Arvidsson* also fails to disclose "if the current HTTP transaction does not belong with the previous transactions set, creating a boundary of a page unit that includes <u>the HTTP transactions of the previous transactions set for computing a page unit time</u>," as recited in claim 1, emphasis added.

In the previous response, Applicants explained that *Arvidsson* fails to disclose the "creating" feature of claim 1, because *Arvidsson* is addressed to "detecting premature termination of a download process" (*Arvidsson*, ¶ [0004]), which is unrelated to the claimed "computing a page unit time." *See* Reply to Office Action, at 23. In the Final Office Action, the Office asserted that *Arvidsson* allegedly discloses the claimed "creating" feature because its download process includes a set of related active HTTP sessions, which are grouped together and therefore do not belong to a previous transaction set. *See* Final Office Action, at 27. But the Office's allegation falls short of establishing that *Arvidsson* discloses the "creating" feature of claim 1.

In particular, *Arvidsson* discloses detecting premature termination of a download process. *Arvidsson*, Abstract. In *Arvidsson*, active HTTP sessions are checked based on data flow characteristics (e.g., source address or destination address) to see whether a download process associated with the active HTTP sessions are completed. *Arvidsson*, ¶¶ [0055]-[0057]. *Arvidsson* further discloses an active HTTP session data store and a download process data store. *Arvidsson*, ¶ [0005]. In the download process data store, each download process can include a set of related active HTTP sessions. *Arvidsson*, ¶ [0005]. In other words, *Arvidsson* merely discloses grouping and associating active HTTP sessions to their corresponding download processes. But *Arvidsson* does not disclose "<u>creating a boundary of a page unit</u> includes the HTTP transactions

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

of the previous transactions set <u>for computing a page unit time</u>," as recited in claim 1, because *Arvidsson* does not discern any current or previous HTTP transactions.

For at least the foregoing reasons, *Arvidsson* fails to cure the deficiencies of *von Klopp* and fails to disclose at least the "creating" feature of claim 1. Therefore, independent claim 1 should be allowable over *von Klopp* in view of *Arvidsson*. Independent claims 15, 29 and 43, although of different scope, recite similar subject matter as independent claim 1 and therefore should also be allowable over the cited arts. Claims 2-8, 10-12, 16-22, 24-26, 30-36, and 38-40 should also be allowable over the cited arts at least due to their dependence from one of claim 1, 15, or 29. Accordingly, Applicants respectfully request that the Office withdraw the rejection of claims 1-8, 10-12, 15-22, 24-26, 29-36, 38-40, and 43 under 35 U.S.C. § 103(a).

    B.    <u>Claims 9, 13, 14, 23, 27, 28, 37, 41, and 42</u>

Applicants respectfully traverse the rejections of claims 9, 13, 14, 23, 27, 28, 37, 41, and 42 under 35 U.S.C. § 103(a) as allegedly being unpatentable over *von Klopp* in view of *Arvidsson* and one of *Wormald*, *Broda*, or *Swamidas*. As discussed above, independent claims 1, 15, and 29 should be allowable over *von Klopp* in view of *Arvidsson*. Applicants assert that *Wormald*, *Broda*, or *Swamidas* fails to overcome these deficiencies. Therefore, claims 9, 13, 14, 23, 27, 28, 37, 41, and 42 should also be allowable at least due to their dependence from one of claim 1, 15, or 29. Accordingly, Applicants respectfully request that the Office withdraw the rejections of claims 9, 13, 14, 23, 27, 28, 37, 41, and 42 under 35 U.S.C. § 103(a).

Application No.: 13/436,671
Attorney Docket No.: 09266.0041-00000

## CONCLUSION

In view of the foregoing amendments and remarks, Applicants respectfully request reconsideration of this application and the timely allowance of the pending claims.

Please grant any extensions of time required to enter this response and charge any additional required fees to deposit account 06-0916.

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

Dated:  December 23, 2014            By:

Aaron J. Capron
Reg. No. 56,170
(650) 849-6600