# EXHIBIT I

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/143,441 | 05/09/2002 | Jim Chou | 25981-710 | 4798 |

21971        7590        04/06/2007
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050

| EXAMINER |
|---|
| JEAN GILLES, JUDE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2143 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 04/06/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A (Rev. 10/06)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/143,441 | CHOU ET AL. |
| | Examiner | Art Unit | |
| | Jude J. Jean-Gilles | 2143 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS,
WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>05 January 2007</u>.

2a)☐ This action is **FINAL**.          2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-50* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-12,14-26,28-40 and 42-50* is/are rejected.

7)☒ Claim(s) *13,27 and 41* is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>25 September 2002</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____.

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

## 10/143441 DETAILED ACTION

This Action is in regards to the Reply received on 01/05/2007.

### *Response to Amendment*

1.     This action is responsive to the application filed on 05/09/2002, and a Reply

dated 01/05/2007. No claims were amended. There are no newly added claims.

Claims 1-50 are pending. Claims 1-50 represent a method and apparatus for "

Transcoding multimedia information within a network communication system".

### *Response to Arguments*

2.     Applicant's arguments with respect to claims 1, 23, and 37 have been carefully

considered, but are not deemed fully persuasive. Applicant's arguments are deemed

moot in view of the following new ground of rejection as explained here below

The dependent claims stand rejected as articulated in the Previous Office Action

and all objections not addressed in Applicant's response are herein reiterated.

### *Claim Rejections - 35 USC § 103*

3.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for

all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described
> as set forth in section 102 of this title, if the differences between the subject matter sought to
> be patented and the prior art are such that the subject matter as a whole would have been
> obvious at the time the invention was made to a person having ordinary skill in the art to which
> said subject matter pertains. Patentability shall not be negatived by the manner in which the
> invention was made.

Application/Control Number: 10/143,441                                         Page 3
Art Unit: 2143

4.    **Claims 1-12, 14-26, 28-40, and 42-50** are rejected under 35 U.S.C. 103(a)

as being unpatentable over Mehta et al (Mehta) U.S. Patent No: 6,157,634, in

view of Ro, U.S. Pub. No. 2002/0150123 A1.

Regarding **claim 1**, Mehta teaches the invention substantially as claimed.  Mehta

fully discloses a method for transcoding audio information using a service module

disposed within a network communication system, the method comprising:

breaking a connection between a transmitter and a receiver to form a first

channel between the transmitter and the service module and a second channel between

the service module and the receiver (column 5, lines 63-67; column 6, lines 1-22);

redirecting a digital audio stream communicated from the transmitter to the

receiver to the service module via the first channel, the digital audio stream encoded at

the transmitter at a first transmission rate (column 14, lines 18-38);

transmitting the transcoded audio stream from the service module to the receiver

over the second channel (column 5, lines 63-67; column 6, lines 1-22); however, Mehta

does not specifically disclose estimating an available transmission rate of the second

channel; and if the first transmission rate is greater than the available transmission rate,

transcoding the digital audio stream at the service module to conform the digital audio

stream to the available transmission rate.

In the same field of endeavor, Ro discloses "...*Then in Step 835, the method can*

*determine whether the receiving network's communication rate is greater than the*

*media transmission rate of incoming packets.  In other words, step 835 can determine*

the difference between the actual transmission rate and the desired transmission rate
to negotiate compatible rates. If the receiving network's communication rate is
not greater than the media transmission rate, then the method can branch to
Step 840. In Step 840, the compensation module 222 can smooth the media
packets to decrease the media rate. Additionally, the compensation module 222
can increase buffer size and count as needed by activating buffer reallocation
modules 218, 318. The method can then proceed to Step 845, where the header
generation module 216 can generate the network header to create the network
media stream. If Step 835 determines that the network communication rate is greater
than the media transmission rate of incoming packets decoding the corresponding
audio and video packets of the system media stream; and presenting the multimedia
content represented by the decoded audio and video packets based on the
synchronization information provided in the headers of the audio and video packets.
… [see Ro, Par 0072-0074, and claims 20 and 21]. "

Accordingly, it would have been obvious to one of ordinary skill in the networking
art at the time the invention was made to have incorporated Ro's teachings of
estimating transmission rate, with the teachings of Mehta, for the purpose of "…provide
a system and method for low bit rate streaming of multimedia content over a network
and a smooth motion video presentation, synchronized audio, and dynamic system
adaptation to network congestion at low transmission rates… and further a system and
method can process various forms of multimedia content…as stated by Ro in par.
0012. By this rationale **claim 1** is rejected.

**Regarding claim 2,** the combination of Mehta - Ro discloses the method of claim 1, wherein the step of breaking comprises: terminating the connection between the transmitter and the receiver at the service module to form the first channel; and opening a separate connection between the service module and the receiver to form the second channel [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 3,** the combination of Mehta - Ro discloses the method of claim 1, wherein the step of breaking is performed in response to the connection between the transmitter and receiver matching a predetermined criteria [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 4,** the combination of Mehta - Ro discloses the method of claim 3, wherein the predetermined criteria comprises a set of classification rules that mask one or more fields of a header associated with the digital audio stream [see Mehta, column 12, lines 15-40].

**Regarding claim 5,** the combination of Mehta - Ro discloses the method of claim 1, wherein the step of redirecting comprises modifying headers of the digital audio stream to replace an original destination address and destination port with a destination address and destination port associated with the service module [see Mehta, column 5, lines 40-67].

**Regarding claim 6,** the combination of Mehta - Ro discloses the method of claim 1, wherein the step of redirecting comprises generating connection

control parameters that cause data packets of the digital audio stream to be
redirected to an application associated with the service module [see Mehta,
column 14, lines 18-38]. The same motivation that was used for claim 1 is also
valid for the claim . By this rationale, **claim 6** is rejected.

**Regarding claim 7,** the combination of Mehta - Ro discloses the method
of claim 1, wherein the step of estimating comprises measuring a smoothed
round trip time of data packets communicated from the service module to the
receiver via the second channel[see Ro, Par 0072-0074, and claims 20 and 21].

**Regarding claim 8,** the combination of Mehta - Ro discloses the method
of claim 7, wherein the step of estimating further comprises measuring a
smoothed congestion window parameter associated with the second channel
[see Graham; column 14, lines 4-30].

**Regarding claim 9,** the combination of Mehta - Ro discloses the method
of claim 8, wherein the step of estimating further comprises calculating a ratio of
the smoothed round trip time and the smoothed congestion window to estimate
the available transmission rate[see Ro, Par 0072-0074, and claims 20 and 21].

**Regarding claim 10,** the combination of Mehta - Ro discloses the method
of claim 1, wherein the step of transcoding comprises transcoding a sequence of
frames of the digital audio stream such that an average transmission rate of the
frame sequence approximates the estimated available transmission rate [see Ro,
Par 0072-0074, and 0055].

**Regarding claim 11,** the combination of Mehta - Ro discloses the method
of claim 10, wherein the step of transcoding comprises transcoding the sequence
of frames such that frames that occur earlier in the frame sequence are
transcoded at a higher transmission rate than frames that occur later in the frame
sequence [see Ro, Par 0072-0074, and claims 20 and 21].

**Regarding claim 12,** the combination of Mehta - Ro discloses the method
of claim 10, wherein the step of transcoding comprises transcoding the sequence
of frames such that frames having a higher perceptual entropy are transcoded at
a higher transmission rate than frames having a lower perceptual entropy [see
Ro, Par 0072-0074, and 0045].

**Regarding claim 14,** the combination of Mehta - Ro discloses the method
of claim 1, wherein the step of transcoding comprises: decoding the digital audio
stream at the service module; and re-encoding the decoded audio stream at a
lower transmission rate [see Mehta, column 5, lines 63-67; column 6, lines 1-22;
column 14, lines 18-38].

**Regarding claim 15,** the combination of Mehta - Ro discloses the method
of claim 1, wherein the step of transcoding comprises removing high frequency
code words from selected frames of the digital audio stream to form a sequence
of frames that have an average transmission rate that approximates the
estimated available transmission rate [see Mehta; fig. 3A, item 110; column 7,
lines 43-67; column 8, lines 1-22].

**Regarding claim 16,** the combination of Mehta - Ro discloses the method of claim 1, wherein the step of transcoding comprises mapping code words from selected frames of the digital audio stream to a decimated set of code words having coarser quantization to form a sequence of frames that have an average transmission rate that approximates the available transmission rate   [see Mehta; fig. 3A, item 110; column 7, lines 43-67; column 8, lines 1-22].

**Regarding claim 17,** the combination of Mehta - Ro discloses the method of claim 1, wherein the step of transmitting comprises transmitting the transcoded audio stream from the service module to the receiver in a manner transparent to the receiver  [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 18,** the combination of Mehta - Ro discloses the method of claim 17, wherein the step of transmitting comprises transmitting the transcoded audio stream from the service module using a source address and source port associated with the transmitter  [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 19,** the combination of Mehta - Ro discloses the method of claim 1, wherein the step of transmitting comprises using a transmission timer to provide timer-based data flow control, the period of the timer determined from the estimated available transmission [see Ro, Par 0072-0074, and claims 20 and 21].

**Regarding claim 20,** the combination of Mehta - Ro discloses the method
of claim 1, further comprising embedding additional information within the
transcoded digital audio stream [see Mehta, column 5, lines 63-67; column 6,
lines 1-22; column 14, lines 18-38].

**Regarding claim 21,** the combination of Mehta - Ro discloses the method
of claim 20, wherein the step of embedding comprises embedding the additional
information using a watermarking technique [see Mehta, column 5, lines 63-67;
column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 22,** the combination of Mehta - Ro discloses the method
of claim 20, wherein the embedded information comprises at least one of a
forward error correction code, synchronization information and ancillary
information regarding the digital audio stream [see Mehta, column 5, lines 63-67;
column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 23,** the combination of Mehta - Ro discloses a method
for transcoding multimedia information within a network communication system,
the method comprising:

intercepting digital multimedia information communicated between a
transmitter and a receiver, the digital multimedia information encoded at the
transmitter at a first transmission rate [see Ro, Par 0072-0074, and claims 20
and 21];

estimating an available transmission rate of a receiver-side connection;

if the first transmission rate is greater than the available transmission rate,
transcoding the digital multimedia information to conform the digital multimedia
information to the available transmission rate [see Ro, Par 0072-0074, and
claims 20 and 21]; and

transmitting the transcoded multimedia information to the receiver over the
receiver-side connection at a transmission rate determined from the estimated
available transmission rate [see Ro, Par 0072-0074, and claims 20 and 21]. The
same motivation that was used for claim 1 is also valid for the claim . By this
rationale, **claim 23** is rejected.

**Regarding claim 24,** the combination of Mehta - Ro discloses the method
of claim 23, wherein the step of transcoding comprises transcoding a sequence
of frames of the digital multimedia information such that an average transmission
rate of the frame sequence approximates the estimated available transmission
rate[see Ro, Par 0072-0074, and claims 20 and 21].

**Regarding claim 25,** the combination of Mehta - Ro discloses the method
of claim 24, wherein the step of transcoding comprises transcoding the sequence
of frames such that frames that occur earlier in the frame sequence are
transcoded at a higher transmission rate than frames that occur later in the frame
sequence [see Ro, Par 0072-0074, and 0045].

**Regarding claim 26,** the combination of Mehta - Ro discloses the method
of claim 24, wherein the step of transcoding comprises transcoding the sequence
of frames such that frames having a higher perceptual entropy are transcoded at

a higher transmission rate than frames having a lower perceptual entropy [see Ro, Par 0072-0074, and 0045].

**Regarding claim 28,** the combination of Mehta - Ro discloses the method of claim 23, wherein the step of transcoding comprises: decoding the digital multimedia information; and re-encoding the decoded multimedia information at a lower transmission rate [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 29,** the combination of Mehta - Ro discloses the method of claim 23, wherein the step of transcoding comprises removing high frequency code words from selected frames of the digital multimedia information to form a sequence of frames that have an average transmission rate that approximates the estimated available transmission rate [see Mehta; fig. 3A, item 110; column 7, lines 43-67; column 8, lines 1-22].

**Regarding claim 30,** the combination of Mehta - Ro discloses the method of claim 23, wherein the step of transcoding comprises mapping code words from selected frames of the digital multimedia information to a decimated set of code words having coarser quantization to form a sequence of frames that have an average transmission rate that approximates the available transmission rate [see Mehta; fig. 3A, item 110; column 7, lines 43-67; column 8, lines 1-22].

**Regarding claim 31,** the combination of Mehta - Ro discloses the method of claim 23, wherein the step of transmitting comprises transmitting the transcoded multimedia information to the receiver in a manner transparent to the

receiver [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 32,** the combination of Mehta - Ro discloses the method of claim 31, wherein the step of transmitting comprises transmitting the transcoded multimedia information using a source address and source port associated with the transmitter [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 33,** the combination of Mehta - Ro discloses the method of claim 23, wherein the step of transmitting comprises using a transmission timer for regulating the transmission of each data packet, the transmission timer having the period determined from the estimated available transmission rate [see Mehta; fig. 3A, item 110; column 7, lines 43-67; column 8, lines 1-22].

**Regarding claim 34,** the combination of Mehta - Ro discloses the method of claim 23, further comprising embedding additional information within the transcoded digital multimedia stream[see Ro, Par 0072-0074, and claims 20 and 21].

**Regarding claim 35,** the combination of Mehta - Ro discloses the method of claim 34, wherein the step of embedding comprises embedding the additional information using a watermarking technique  [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 36,** the combination of Mehta - Ro discloses the method of claim 34, wherein the embedded information comprises at least one of a

forward error correction code, synchronization information and ancillary
information regarding the digital multimedia information [see Mehta, column 14,
lines 18-38].

**Regarding claim 37,** a combination of Mehta - Ro discloses the system
for transcoding multimedia information within a network communication system,
the system comprising:

a processor [see Mehta; fig. 3A, item 120]; and

a memory unit, operably coupled to the processor, for storing instructions
which when executed by the processor cause the processor to operate so as to
[see Mehta; fig. 5, item 202];

intercept digital multimedia information communicated between a
transmitter and a receiver, the digital multimedia information encoded at the
transmitter at a first transmission rate [see Ro, Par 0072-0074, and claims 20
and 21];

estimate an available transmission rate of a receiver-side connection; if
the first transmission rate is greater than the available transmission rate,
transcode the digital multimedia information to conform the digital multimedia
information to the available transmission [see Ro, Par 0072-0074, and claims 20
and 21]; and

transmit the transcoded audio stream to the receiver over the receiver-
side connection at a transmission rate determined from the estimated available
transmission rate [see Mehta; column 1, lines 13-31; column 5, lines 63-67;

column 6, lines 1-22]. The same motivation that was used for claim 1 is also valid

for the claim . By this rationale, **claim 37** is rejected.

**Regarding claim 38,** the combination of Mehta - Ro discloses the system

of claim 37, wherein the instructions which cause the processor to operate so as

to transcode cause the processor to operate so as to transcode a sequence of

frames of the digital multimedia information such that an average transmission

rate of the frame sequence approximates the estimated available transmission

rate [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines

18-38].

**Regarding claim 39,** the combination of Mehta - Ro discloses the system

of claim 38, wherein the instructions which cause the processor to operate so as

to transcode cause the processor to operate so as to transcode the sequence of

frames such that frames that occur earlier in the frame sequence are transcoded

at a higher transmission rate than frames that occur later in the frame sequence

[see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 40,** the combination of Mehta - Ro discloses the system

of claim 38, wherein the instructions which cause the processor to operate so as

to transcode cause the processor to operate so as to transcode the sequence of

frames such that frames having a higher perceptual entropy are transcoded at a

higher transmission rate than frames having a lower perceptual entropy [see

Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 42,** the combination of Mehta - Ro discloses the system of claim 37, wherein the instructions which cause the processor to operate so as to transcode cause the processor to operate so as to: decode the digital multimedia information; and re-encode the decoded multimedia information at a lower transmission rate [see Mehta; fig. 3A, item 110; column 7, lines 43-67; column 8, lines 1-22].

**Regarding claim 43,** the combination of Mehta - Ro discloses the system of claim 37, wherein the instructions which cause the processor to operate so as to transcode cause the processor to operate so as to remove high frequency code words from selected frames of the digital multimedia information to form a sequence of frames that have an average transmission rate that approximates the estimated available transmission rate [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 44,** the combination of Mehta - Ro discloses the system of claim 37, wherein the instructions which cause the processor to operate so as to transcode cause the processor to operate so as to map code words from selected frames of the digital multimedia information to a decimated set of code words having coarser quantization to form a sequence of frames that have an average transmission rate that approximates the available transmission rate [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 45,** the combination of Mehta - Ro discloses the system of claim 37, wherein the instructions which cause the processor to operate so as

to transmit cause the processor to operate so as to transmit the transcoded

multimedia information to the receiver in a manner transparent to the receiver

[see Mehta, column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 46,** the combination of Mehta - Ro discloses the system

of claim 37, wherein the instructions which cause the processor to operate so as

to transmit cause the processor to operate so as to transmit the transcoded

multimedia information using a source address and source port associated with

the transmitter [see Mehta, column 5, lines 63-67; column 6, lines 1-22; column

14, lines 18-38].

**Regarding claim 47,** the combination of Mehta - Ro discloses the system

of claim 37, wherein the instructions which cause the processor to operate so as

to transmit cause the processor to operate so as to transmit data packet in

response to expiration of a transmission timer, the transmission timer having a

period determined from the estimated available transmission rate [see Mehta,

column 5, lines 63-67; column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 48,** the combination of Mehta - Ro discloses the system

of claim 37, wherein the memory unit further includes instructions which cause

the processor to operate as to embed additional information within the

transcoded multimedia stream [see Mehta, column 5, lines 63-67; column 6,

lines 1-22; column 14, lines 18-38].

**Regarding claim 49,** the combination of Mehta - Ro discloses the system

of claim 48, wherein the instructions which cause the processor to operate so as

to embed cause the processor to operate so as to embed the additional

information using a watermarking technique [see Mehta, column 5, lines 63-67;

column 6, lines 1-22; column 14, lines 18-38].

**Regarding claim 50,** the combination of Mehta - Ro discloses the system

of claim 48, wherein the embedded information comprises at least one of a

forward error correction code, synchronization information and ancillary

information regarding the digital multimedia information [see Mehta, column 5,

lines 63-67; column 6, lines 1-22; column 14, lines 18-38].


## Allowable Subject Matter

5.    **Claims 13, 27, and 41** are objected to as being dependent upon a rejected base

claim, but would be allowable if rewritten in independent form including all of the

limitations of the base claim and any intervening claims.


## *Response to Arguments*

6.    Applicant's Request for Reconsideration filed on November 16th, 2004 has been

carefully considered but is not deemed fully persuasive.  However, because there exists

the likelihood of future presentation of this argument, the Examiner thinks that it is

prudent to address Applicants' main points of contention.

Neither Mehta nor Carmel teaches "if the first transmission rate is greater than

the available transmission rate, transcoding the digital audio stream at the service

module to conform the digital audio stream to the available transmission rate." In

contrast, Carmel teaches determining an "estimate of the transmission rate required for

smooth real-time appearance of a multimedia application required ..." (Carmel at column 4 lines 35-36) (emphasis added). Thus,neither of the references teaches transcoding a digital audio stream, if the first transmission rate is greater than the available transmission rate.

It is the position of the Examiner that Mehta and Carmel disclose the limitation specified above. However new patent of Ro in combination with Mehta teaches these limitations and more as specified in the 103(a) rejections. See rejection of claim 1.

Examiner notes with delight that no new matter has been added and that the new claims are supported by the application as filed. However, applicant has failed in presenting claims and drawings that delineate the contours of this invention as compared to the cited prior art. Applicant has failed to clearly point out patentable novelty in view of the state of the art disclosed by the references cited that would overcome the 103(a) rejections applied against the claims, the rejection is therefore sustained.

In response to Applicant's arguments, 37 CFR § 1.11(c) requires applicant to "clearly point out the patentable novelty which he or she thinks the claims present in view of the state of the art disclosed by the references cited or the objections made. He or she must show the amendments avoid such references or objections."

Application/Control Number: 10/143,441                                          Page 19
Art Unit: 2143

### Conclusion

7.      Applicants' remarks made in the Reply dated 01/05/2007 necessitated the new

ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS**

**MADE NON-FINAL**. The Examiner strongly anticipates a Final Rejection Office Action

on the next response if amendments are not properly made to the claims to perhaps

place them in condition for allowance.

        Any inquiry concerning this communication or earlier communications from

examiner should be directed to Jude Jean-Gilles whose telephone number is (571) 272-

3914. The examiner can normally be reached on Monday-Thursday and every other

Friday from 8:00 AM to 5:30 PM.

        If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, David Wiley, can be reached on (571) 272-3923. The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

        Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist whose telephone number is (571) 272-

9000.

JJG

March 30, 2007

DAVID WILEY
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2100