IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPTIMORPHIX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1249-MN |
| | ) | |
| ORACLE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

OF COUNSEL:
Jared Bobrow
Diana Rutowski
Jason Yu
Parth Sagdeo
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park CA  94025-1015
(650) 614-7400

Michael Chow
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irving, CA 92614
(949) 567-6700

Sarah Mullins
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

Shane D. Anderson
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
(213) 629 2020

Dated: February 22, 2024

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    OM'S OPPOSITION MISSTATES THE LAW, WHICH REQUIRES
PLEADING FACTUAL CONTENT FOR MATERIAL LIMITATIONS ....................... 1

III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE, FOR EACH
PATENT, PLAINTIFF FAILS TO MAKE FACTUAL ALLEGATIONS THAT
THE ACCUSED PRODUCTS INCLUDE KEY CLAIM LIMITATIONS ..................... 3

      A.    The '314 Patent .................................................................................... 3

      B.    The '871 Patent .................................................................................... 4

      C.    The '169 Patent .................................................................................... 5

      D.    The '021 Patent .................................................................................... 5

      E.    The '273 Patent .................................................................................... 6

      F.    The '901 Patent .................................................................................... 7

      G.    The '418 Patent .................................................................................... 8

      H.    The '664 Patent .................................................................................... 9

IV.   OM SHOULD BE HELD TO THE PLEADING STANDARD BEFORE IT IS
PERMITTED TO PURSUE A MASSIVE PATENT LITIGATION ............................. 10

V.    CONCLUSION ........................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amgen Inc. v. Coherus BioSciences Inc.*,
    931 F.3d 1154 (Fed. Cir. 2019)................................................................6

*Barrier1 Sys. v. RSA Protective Techs., LLC*,
    2021 U.S. Dist. LEXIS 193823 (D. Del. Oct. 7, 2021) ........................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................10

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ...................................................... *passim*

*CoolTVNetwork.com, Inc. v. Facebook, Inc.*,
    C.A. No. 19-292-LPS-JLH, 2019 WL 4415283 (D. Del. Sept. 16, 2019)..............................6

*Deston Therapeutics LLC v. Trigen Labs., Inc.*,
    723 F. Supp. 2d 665 (D. Del. 2010).......................................................8

*Golden v. Intel Corp.*,
    No. 2023-1257, 2023 WL 3262948 (Fed. Cir. May 5, 2023) ..................2

*Kajeet, Inc. v. Gryphon Online Safety, Inc.*,
    C.A. No. 19-2370-MN, D.I. 36 (D. Del. Mar. 1, 2021)........................3

*Kwanzaa v. Tell*,
    C.A. No. 19-16052, 2019 WL 5541280 (D.N.J. Oct. 28, 2019).............5

*Lexington Luminance LLC v. Bulbrite Indus., Inc.*,
    2023 WL 143911 (D.N.J. Jan. 10, 2023) ...............................................1

*Nncrystal US Corp. v. Nanosys, Inc.*,
    2020 U.S. Dist. LEXIS 22462 (D. Del. Feb. 10, 2020) ........................2

*Nncrystal US Corp. v. Nanosys, Inc.*,
    C.A. No. 19-cv-1307-RGA, D.I. 19 (D. Del. Dec. 2, 2019)..................2

*NovaPlast Corp. v. Inplant, LLC*,
    No. 20-7396 (KM) (JBC), 2021 WL 389386 (D.N.J. Feb. 3, 2021) .......2

*Par Pharm., Inc. v. Hospira, Inc.*,
    2018 U.S. Dist. LEXIS 114588 (D. Del. Apr. 27, 2018).......................6

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    2018 U.S. Dist. LEXIS 186276 (D. Del. Oct. 31, 2018) ........................................................2

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    C.A. No. 18-307-RGA, D.I. 13 (D. Del. July 9, 2018)...........................................................2

*Robern, Inc. v. Glasscrafters, Inc.*,
    206 F. Supp. 3d 1005 (D.N.J. 2016) .......................................................................................2

*Vervain, LLC v. Micron Tech., Inc.*,
    2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ..............................................................................1

*Web 2.0 Techs., LLC v. Zendesk, Inc.*,
    C.A. No. 23-cv-105-MN, D.I. 27 (D. Del. Oct. 5, 2023)........................................................3

**Other Authorities**

Federal Rules of Civil Procedure
    Rule 12(b)(6)............................................................................................................................1
    Rule 8 ......................................................................................................................................2

## I.      INTRODUCTION

Plaintiff OptiMorphix, Inc.'s ("OM's") Opposition ("Opp.") (D.I. 19) is based on a fundamental mischaracterization of the law.  OM argues that a complaint is sufficient under Rule 12(b)(6) if it merely identifies the patents and accused products and parrots claim language.  That is not the law.  Both Federal Circuit and Third Circuit precedent is clear that OM must make factual allegations that map the material claim limitations onto the accused products.  As detailed in Defendant Oracle Corporation's ("Oracle's") opening brief in support of its motion to dismiss ("Op. Br.") (D.I. 9), OM's Complaint fails to do so.  OM's Opposition does not even attempt to meaningfully rebut Oracle's showing that key limitations are not plausibly pleaded.  For the reasons set forth below and in Oracle's opening brief, OM's Complaint must be dismissed.

## II.     OM'S OPPOSITION MISSTATES THE LAW, WHICH REQUIRES PLEADING FACTUAL CONTENT FOR MATERIAL LIMITATIONS

The law is clear that for those claim limitations which go to the heart of the invention or point of novelty, a complaint's allegations must include a higher level of factual detail to plead a plausible claim of infringement.  *See* Op. Br. at 3-4; *citing Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021) ("The level of detail required in any given case will vary depending upon a number of factors, including … the materiality of any given element to practicing the asserted claim(s)."); *Vervain, LLC v. Micron Tech., Inc*., 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) (requiring "a higher level of detail in pleading infringement … for elements clearly 'material' to novelty and non-obviousness"); *Lexington Luminance LLC v. Bulbrite Indus., Inc.*, 2023 WL 143911, at *5 (D.N.J. Jan. 10, 2023) (agreeing that a "higher level of detail in pleading infringement" may be demanded for "elements clearly 'material' to novelty and non-obviousness").  A complaint that omits factual allegations that the accused products include "key language from the identified claims that would be essential for proving infringement"

fails to "place [a defendant] on notice of what activity ... is being accused of infringement" and should be dismissed. *Golden v. Intel Corp.*, No. 2023-1257, 2023 WL 3262948, at *2 (Fed. Cir. May 5, 2023) (*quoting Bot M8*, 4 F.4th at 1352).

Ignoring the operative case law, OM cites unpublished district court opinions that pre-date *Bot M8* and the line of cases cited above, arguing that it need only parrot claim limitations. *See* Opp. at 2-3 (*citing Promos Techs., Inc. v. Samsung Elecs. Co.*, 2018 U.S. Dist. LEXIS 186276, at *11-12 (D. Del. Oct. 31, 2018), and *Nncrystal US Corp. v. Nanosys, Inc.*, 2020 U.S. Dist. LEXIS 22462, at *7 (D. Del. Feb. 10, 2020)). These cases do not reflect the current state of the law, either in the Federal Circuit (as discussed above) or in the Third Circuit.[1] The Court in *NovaPlast Corp. v. Inplant, LLC*, No. 20-7396 (KM) (JBC), 2021 WL 389386, at *7 (D.N.J. Feb. 3, 2021), rejected the plaintiffs' reliance on *Promos* and found that Third Circuit law makes clear that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief" and found that a patent complaint must "'relate factual assertions to the pertinent claims' of the patent-in-suit"— without such facts "there is no *showing* of an entitlement to relief." *Id*. (*quoting Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1010 (D.N.J. 2016)). Recent cases in this District agree

---

[1]Despite the arguably broad language in the resulting orders, the plaintiffs in both *Promos* and *Nncrystal* actually pleaded factual allegations for critical claim limitations. In *Promos*, the plaintiff argued that it alleged "sufficient additional factual information to go beyond 'parroting' the claim language." *Promos*, 2018 U.S. Dist. LEXIS 186276, at *11-12. Specifically, plaintiff explained that for one claim element it included "factual detail that helps to explain the 'propagation delay', a critical feature of [the claims]" and that for another it alleged "wherein the transistors in the inverters are sized differently resulting in different propagation delays between elements within each block," which is language that "is not found in the claims, but is an explanation of the structure in the accused circuits." *Promos Techs., Inc. v. Samsung Elecs. Co.*, C.A. No. 18-307-RGA, D.I. 13 at 9 (D. Del. July 9, 2018). Similarly, in *Nncrystal*, the plaintiff argued that the complaint provided sufficient factual allegations, "including the identity of specific cation precursors believed to be used in step (a) [of asserted claims], specific anion precursors believed to be used in step (b) [of asserted claims], and specific facts supporting the allegation that Defendant uses a non-coordinating solvent in its process." *Nncrystal US Corp. v. Nanosys, Inc.*, C.A. No. 19-1307-RGA, D.I. 19 at 10 (D. Del. Dec. 2, 2019).

that a complaint must attempt to map the claim limitations to the accused products. *See Web 2.0 Techs., LLC v. Zendesk, Inc.*, C.A. No. 23-105-MN, D.I. 27 at 5, 7 (D. Del. Oct. 5, 2023) (dismissing complaint where "there is no attempt to map the accused products onto all required claim limitations"); *Kajeet, Inc. v. Gryphon Online Safety, Inc.*, C.A. No. 19-2370-MN, D.I. 36, at 15 (D. Del. Mar. 1, 2021) (same). OM cannot avoid the requirement that it must plead factual allegations that map the key limitations onto the accused products. This it has not done.

## III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE, FOR EACH PATENT, PLAINTIFF FAILS TO MAKE FACTUAL ALLEGATIONS THAT THE ACCUSED PRODUCTS INCLUDE KEY CLAIM LIMITATIONS

Oracle's opening brief identified critical elements of each claim for which the Complaint fails to plausibly plead infringement under the operative case law above. Because nothing in OM's Opposition rebuts Oracle's showing, the Complaint must be dismissed.

### A.   The '314 Patent

Oracle demonstrated in its opening brief that the Complaint does not allege what in Oracle's products corresponds to the "service module" or "service application," or what "predetermined service criteria" Oracle products use to classify and redirect network traffic to the service application, as required by asserted Claim 27. These limitations are central to how the invention streamlines packet routing. *See* Op. Br. at 5. OM does not seriously engage on these issues.[2] The Opposition includes three sentences that purport to show why "Oracle is wrong," but it never identifies anything in the Complaint that alleges what in Oracle's products constitutes the

---

[2] For a number of the patents, OM argues that "Oracle does not dispute that the Complaint plausibly pleads that the [accused products] meet many of the limitations of [the asserted claims]." *See, e.g.*, Opp. at 5. Although Oracle's opening brief does not address every limitation of every claim, that is neither relevant nor required. OM's failure to plausibly allege the presence of one key limitation is sufficient to warrant dismissal.

"service module" or "service application."[3]  *See* Opp. at 5; Compl. ¶¶ 86, 87.  Moreover, OM does not even attempt to rebut Oracle's showing that the allegations in the Complaint are "actually inconsistent with and contradict infringement."  *See* Op. Br. at 6 (*citing Bot M8*, 4 F.4th at 1354).  Claim 27 requires that at least a portion of "data communicated between the client and the server" be redirected "to the service application."  But the screenshot in paragraph 87 of the Complaint shows one of the accused products (Traffic Director) directing traffic to back-end servers, *not* redirecting data *to* a service application.  This inconsistency, which makes the infringement allegation implausible, warrants dismissal.

**B.    The '871 Patent**

OM does not dispute that the Complaint contains no substantive allegations regarding a key element of the '871 Patent, *i.e.*, the step of "detecting return data communication arriving at the node from the second data network in response to the processed data communication from the first data network, and allowing the detected return data to pass through the node without processing the detected return data communication." Opp. at 7.  OM also does not dispute that the step of allowing a return communication to return without additional processing is a material element of the '871 invention.  *See id.* at 7.  Nor could it: every claim of the '871 Patent requires that step, *see* '871 Patent at Claims 1, 31, and 34, and it is expressly recited as a core element in the Summary of Invention section of the specification, *id.* at 1:46-60 (summarizing invention).  Instead, OM merely argues that it doesn't need to include allegations for every element and that

---

[3] The only limitation highlighted in Oracle's opening brief that OM purports to identify in the Opposition is the "predetermined service criteria." *See* Opp. at 5 (conflating "predetermined service criteria" with "load balancer policies").  Oracle disagrees that the Complaint plausibly alleges that the load balancer policies are the claimed "predetermined service criteria," at least because it does not include any plausible allegations that the accused products "classify a connection requested between" a client and server to determine if it matches the load balancer policies (if those are purportedly the "predetermined service criteria"), as required by Claim 27.

its allegations regarding the other elements in Claim 1 are sufficient. *Id.* OM is wrong. As discussed above, OM's Complaint must contain plausible allegations for the material elements of the invention. There is no dispute that the "return" limitation is highly material to the invention. Because OM's complaint ignores this limitation, the claim must be dismissed. *See Bot M8*, 4 F.4th at 1353.

### C.      The '169 Patent

OM does not dispute that the claimed use of a "portion" of content as a cache index (instead of a URL, as used in the prior art) is at the heart of the '169 Patent's alleged novelty. Op. Br. at 7-8. When it comes to identifying what in Oracle's products meet this limitation, the Complaint points to an Oracle feature that uses the URL for caching—the "URL_PART_CONTAINS" feature—which the patent admits is a prior art approach. Compl. ¶ 187. Where, as here, "the facts as stated in the exhibits cannot be reconciled with the facts alleged in the pleading, the exhibit controls." *Kwanzaa v. Tell*, C.A. No. 19-16052, 2019 WL 5541280, at *1 n.4 (D.N.J. Oct. 28, 2019) (citing authority from five U.S. Courts of Appeal). OM's claim cannot be plausible given that the Complaint itself reads the patent on admitted prior art. OM's only rejoinder is to point to Oracle's use of "AccessRuleCriteria," "a round robin algorithm," and "characterization data." Opp. at 9. But OM did not plead that any of these features meets the "requesting . . . a portion" limitation at issue here. Op. Br. at 7-8. And, even if it had, OM does not attempt to explain why the use of "AccessRuleCriteria," "a round robin algorithm," or "characterization data" suggests that Oracle "request[s], from a web server, a portion of content" to be used as a cache index.

### D.      The '021 Patent

Oracle explained in its opening brief that, because it was known in the prior art to measure the time needed to download a webpage, the heart of the '021 Patent is a specific technique for measuring download times that is reflected in the claims' "creating a boundary of a page unit"

limitation.  Op. Br. at 9-10.  The "boundary" limitation is how the applicant distinguished the claimed invention from the prior art during prosecution.  *Id.*

OM's only attempt to dispute the significance of the "boundary" limitation is to assert that it is improper to consider the asserted patent's file history on a motion to dismiss.  Opp. at 10.  But the case on which OM relies involved the file history for a patent that was not even mentioned in the complaint, let alone asserted.  *Par Pharm., Inc. v. Hospira, Inc.*, 2018 U.S. Dist. LEXIS 114588, at *4 (D. Del. Apr. 27, 2018).  The law is precisely the opposite of what OM contends: a motion to dismiss can be granted based on an asserted patent's file history.  *Amgen Inc. v. Coherus BioSciences Inc.*, 931 F.3d 1154, 1159 (Fed. Cir. 2019) (affirming dismissal for failure to state a claim based on patent's prosecution history).

OM's Opposition then points to three sentences it contends plausibly allege the critical "boundary" limitation.  Opp. at 10-11.  The first two sentences are "a mere restatement of the claim language without any factual content and [are] therefore not sufficient."  Op. Br. at 10.  And, as Oracle's opening brief already explained, the third sentence "merely describes how the alleged 'boundary' is used—not what the 'boundary' in the accused Oracle products is or how it is created."  *Id*.  OM does not even attempt to rebut Oracle's point.  The case on which OM relies supports Oracle's position—the plaintiff there, unlike OM, had "identif[ied] what it is ***in the accused product*** that is said to amount to [the limitations]."  *CoolTVNetwork.com, Inc. v. Facebook, Inc.*, C.A. No. 19-292-LPS-JLH, 2019 WL 4415283, at *6 (D. Del. Sept. 16, 2019) (emphasis added).  Because the Complaint does not identify what in Oracle's product meets the critical "boundary" limitation, the Complaint fails to provide the required notice of infringement.

### E.  The '273 Patent

Oracle's opening brief demonstrated that the "transmit timer" limitation is material because it is what causes the alleged "improvements to network performance" described in the '273 Patent.

Op. Br. at 11; '273 Patent, Abstract.  OM does not dispute the material nature of this limitation. OM's only retort is that parroting the claim language and alleging that the accused product performs the limitation is sufficient, even when the limitation is material.  Opp. at 11-12.  As demonstrated above, this is not the law.  *See Bot M8*, 4 F.4th at 1353 (holding material claim limitations require a heightened "level of detail").

Tellingly, OM's Opposition fails to cite anything in the Complaint that discusses the "transmit timer" except for a paragraph that merely parrots the claim language.  Opp. at 11-13. While the Opposition cites to allegations about other limitations, such as "round trip times," those allegations do not plausibly allege that Oracle's products meet a different limitation, namely, the "transmit timer" limitation.

### F.    The '901 Patent

Oracle's opening brief identified two separate and independent grounds for dismissal.  Op. Br. at 11-13.  OM's response to both is deficient.

Oracle's first argument is that while the claim requires "calculating a delay time… *after*" the determination of burstiness, the Complaint alleges that the products calculate delay time *before* they determine burstiness.  Op. Br. at 12.  OM argues that this is not inconsistent if you view the processes described in the Complaint "as part of a continuous operation flow."  Opp. at 14.  But OM's Complaint does not allege a "continuous operation flow" and thus cannot survive the motion.  Compl. ¶ 215.  Instead, the first sentence of paragraph 215 merely regurgitates the claim language.  *See id.*; Compl. ¶ 215.  The final two sentences allege that the Accused Products "measure latency and jitter for each connection/link" before it uses "[t]his measurement … to determine the burstiness."  Compl. ¶ 215.  This is directly inconsistent with the claims, which require calculation of a delay time *after* the burstiness determination, not before.  Op. Br. at 12.

With respect to Oracle's second argument (Op. Br. at 12-13), OM's Opposition does not dispute that Oracle's purported receiving layer (the "stream") cannot be the "network interface layer or the transport layer" because of where the receiving layer is positioned in the stack.  Op. Br. 12-13.  Instead, the Opposition incorrectly recharacterizes Oracle's position as a claim construction argument.  Opp. at 15.  In support, OM cites two cases in which the defendants construed terms in their motions to dismiss.  *See Barrier1 Sys. v. RSA Protective Techs.*, LLC, 2021 U.S. Dist. LEXIS 193823, *5-6 (D. Del. Oct. 7, 2021) (counter-defendant's arguments hinged on construing "structural member" to "not include rebar"); *Deston Therapeutics LLC v. Trigen Labs., Inc.*, 723 F. Supp. 2d 665, 670 (D. Del. 2010) (defendant's arguments hinged on construing claims directed to "polycosanol" to read out some types of "polycosanol").  These cases are inapposite because Oracle is not seeking a construction of any terms.  Op. Br. at 11-13; Opp. at 13-15.  Rather, Oracle applies the plain meaning of the claim language and demonstrates that OM's allegations contradict the claims and therefore cannot plausibly allege infringement.

## G.    The '418 Patent

Oracle's opening brief demonstrated that the Complaint fails to plausibly plead the material "estimating," "transcoding," and "redirecting" claim elements.  Op. Br. at 13-15.  In response, OM's Opposition argues only that it has sufficiently pleaded the "estimating" limitation.  Its failure to dispute that the other elements are not plausibly pleaded is reason enough to dismiss the '418 patent.

Regarding the "estimating" limitation, contrary to OM's Opposition, the screenshots of Oracle documentation in the Complaint do not "show[] how this limitation is met" or "plausibly allege a claim for direct infringement." Opp. at 16; Compl. ¶¶ 137, 143.  Neither of these

paragraphs—nor the excerpts—use the word "estimating" (or any synonym of "estimating"), and they say nothing about transmission rates or even network congestion. Op. Br. at 14.[4]

OM also asserts that the Complaint "identifies that estimated transmission rates are used by the 'policy parameter' in the Oracle '418 products and the policy parameter is then used to trigger the use of a specific codec policy." Opp. at 16. But this misrepresents the Complaint. Nowhere does the Complaint include a factual allegation that "estimated transmission rates are used by the 'policy parameter.'" Compl. ¶ 143. Nor does the cited Oracle documentation say anything about transmission rates, let alone *estimated* transmission rates. *Id.*

### H.     The '664 Patent

Oracle's opening brief demonstrated that the Complaint fails to plead two key limitations: the "encoding" limitations and the step of "allocating the optimal session bitrate." Op. Br. at 16. OM's failure to plead either one is independently determinative, and the Complaint fails on both counts. In response to the "encoding" limitation, OM claims that paragraph 260 of the Complaint includes "an excerpt from the Oracle Cloud Infrastructure Blog showing how the Oracle Cloud Infrastructure contains functionality where video files are encoded as part of a media workflow." Opp. at 18. This allegation cannot salvage OM's claim because, on its face, the excerpt at paragraph 260 discusses *transcoding* of media files, not *encoding*. Op. Br. at 16. And paragraph 260 of the Complaint *does not allege* that this excerpt shows "functionality where the video files are encoded as part of a media data," as OM asserts in its Opposition. Opp. at 18.

Moreover, OM admits that its Complaint does nothing more than recite the "allocating the optimal session bitrate" claim element and conclude that the accused Oracle products have that

---

[4] Nor do these paragraphs or excerpts relate to transcoding data encoded at an original transmission rate to match a lower estimated "available transmission rate." Op. Br. at 15.

element.  Opp. at 19, *citing* Compl. ¶ 262.  Such a bare and unsupported allegation fails to provide the required notice of infringement, and OM's claim should be dismissed.

## IV.  OM SHOULD BE HELD TO THE PLEADING STANDARD BEFORE IT IS PERMITTED TO PURSUE A MASSIVE PATENT LITIGATION

OM asserts that "there is no authority for dismissing well pled patent infringement claims" based on the complexity of the case.  Opp. at 20.  Oracle does not contend that OM's Complaint should be dismissed merely because it is complex—it should be dismissed because it is not well pleaded for the reasons discussed herein and in Oracle's opening brief.  That said, the Supreme Court in *Twombly* held that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," such as OM's here, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (cleaned up).  "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Id*. (citations omitted).  This case involves such a potentially massive factual controversy, including 253 claims across 8 patents, 22 different named inventors, and more than a dozen accused products.  Op. Br. at 17.  OM must be held to the pleading standard before this case should be allowed to proceed.

## V.  CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint.

Respectfully submitted,

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Jared Bobrow
Diana Rutowski
Jason Yu
Parth Sagdeo
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
(650) 614-7400

Michael Chow
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irving, CA 92614
(949) 567-6700

Sarah Mullins
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

Shane D. Anderson
Orrick, Herrington & Sutcliffe llp
355 S. Grand Ave., Suite 2700
Los Angeles, CA 90071
(213) 629 2020

Dated: February 22, 2024